# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-31V
(not to be published)

|  |  |
|---|---|
| BEVERLY LUCKNER and MARGARET SUTTO, as Personal Representatives of the ESTATE OF ELEANOR VLACK,<br><br>                            Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                            Respondent. | Chief Special Master Corcoran<br><br>Filed: June 5, 2023<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*Anne Carrion Toale, Maglio Christopher & Toale, PA, Sarasota, FL,* for Petitioner.

*Katherine Carr Esposito, U.S. Department of Justice, Washington, DC,* for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On January 10, 2022, Beverly Luckner and Margaret Sutto, as personal representative of the estate of Eleanor Vlack ("Petitioenr's") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioners allege that Ms. Vlack suffered from Guillain-Barre Syndrome and death as a result of receiving an influenza vaccine on September 17, 2020. Petition, ECF No. 1. On October 14, 2022, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 33.

---

[1] In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $32,081.79 (representing $30,317.50 for attorney's fees, $1,764.29 for attorney's costs). Petitioner's Application for Attorney's Fees and Costs ("Motion"), filed Apr. 21, 2023, ECF No. 39. In accordance with General Order No. 9, Petitioner filed a signed statement indicating that Petitioner incurred no out-of-pocket expenses. ECF No. 33-9.

Respondent reacted to the motion on Apr. 24, 2023, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 40. Petitioner filed a reply on Apr. 28, 2023, requesting that the Court award all fees and costs as indicated in Petitioner's motion. ECF No. 41.

The rates requested for work performed through the end of 2021 are reasonable and consistent with our prior determinations, and will therefore be adopted. Petitioner has also requested hourly rate of $535 for 2023 work performed by attorney Anne Toale – representing a rate increase of $35. Petitioner also requests the hourly rate of $180 per hour for 2023 work performed by paralegal Elena Siamas. Attachment to Motion at 23. I find these hourly rates to be reasonable, and will award the attorney's fees requested. (And all time billed to the matter was also reasonably incurred).

Furthermore, Petitioner has provided supporting documentation for all claimed costs. Attachment to Motion at 24-66. And Respondent offered no specific objection to the rates or amounts sought.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$32,081.79 (representing $30,317.50 for attorney's fees, $1,764.29 for attorney's costs) in the form of a check jointly payable to Petitioner and Petitioner's counsel. Per Petitioner's request, the check is to be forwarded to Maglio Christopher & Toale Law, 1605 Main Street, Suite 710, Sarasota Florida 34236.**

      In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[3]

**IT IS SO ORDERED.**

                                              **s/Brian H. Corcoran**
                                              Brian H. Corcoran
                                              Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.